IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA POSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 2:24-cv-439-ECM-SMD |
| | ) |
| WALMART, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Cynthia Posey ("Posey") filed this action against Walmart. Posey moved to proceed *in forma pauperis*, and the undersigned granted her request. *See* Mots. (Docs. 2, 9, 12); Order (Doc. 13). Because Posey is proceeding *in forma pauperis*, the undersigned reviewed her complaint pursuant to 28 U.S.C. § 1915(e). *See* Order (Doc. 6). Based on that review, the undersigned found that the complaint failed to sufficiently allege the basis of the Court's jurisdiction and failed to meet federal pleading standards. Order (Doc. 15). Therefore, the undersigned ordered Posey to file an amended complaint and provided her with specific instructions on how to amend. *Id.* at 6-7. Posey filed an amended complaint, Am. Compl. (Doc. 17), which is now before the undersigned for screening pursuant to § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Pursuant to that review, the undersigned recommends that Posey's amended complaint be dismissed without further opportunity to amend.

**I.     CLAIMS**

Posey does not set forth any specific claims or make any references to legal authority, although she does request monetary relief in the amount of $150 million. *Id.*

**II.    JURISDICTION**

Federal courts have jurisdiction to hear two general types of cases: (1) cases that arise under federal law, 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

As the undersigned previously advised Posey, Federal Rule of Civil Procedure 8 requires a pleading to include "a short and plain statement of the grounds for the court's jurisdiction." *See* Order (Doc. 15) p. 4 (quoting FED. R. CIV. P. 8(a)(1)). In directing her to amend, the undersigned advised Posey that "[t]he amended complaint shall contain a jurisdictional section wherein Posey sets forth the specific federal cause(s) of action under which she brings her claims or alleges sufficient facts to support diversity jurisdiction." *Id.* at 6.

Here, Posey's amended complaint does not provide a plain statement of the grounds for this Court's jurisdiction, nor does it establish the Court's jurisdiction by setting forth a federal claim or alleging diversity jurisdiction. Posey seems to allege some sort of entrapment by Walmart. Am. Compl. (Doc. 17) p. 2. But entrapment is a defense in a

criminal case in Alabama—not a claim that would give rise to a lawsuit or this Court's jurisdiction. ALA. CODE § 13A-3-31 (1975).

Because Posey has not alleged a federal question or facts indicating that this Court has diversity jurisdiction over her dispute—whatever it may be. Accordingly, the undersigned recommends that Posey's amended complaint be dismissed for lack of subject matter jurisdiction.

### III. SECTION 1915 REVIEW

Twenty-eight U.S.C. § 1915(e)(2)(B) instructs a court to dismiss an *in forma pauperis* complaint that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim may be frivolous on either factual or legal grounds. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face." *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

A court should construe a pro se complaint "more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although a "less stringent standard" is applied to pro se pleadings, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica*

*Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Assuming *arguendo* that the Court has subject-matter jurisdiction over Posey's amended complaint, the amended complaint should be dismissed because it fails to meet federal pleading standards.

Federal Rule of Civil Procedure 8 requires a pleading to include, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a)(2)-(3). Additionally, Federal Rule of Civil Procedure 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

"Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Meide v. Pulse Evolution Corp.*, 2019 WL 4918264, at *1-2 (M.D. Fla. Oct. 4, 2019) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

Posey's original complaint failed to meet federal pleadings standards. The undersigned previously advised Posey that her original complaint was deficient in part because it failed to comply with Rules 8 and 10 and because Posey's handwriting was so unclear that the undersigned could not understand her complaint. Order (Doc. 15) p. 6. Because of these deficiencies, the undersigned ordered Posey to amend her complaint. *Id.*

4

The undersigned also informed Posey that her amended complaint must, *inter alia*: "contain a section that clearly identifies the parties in this suit"; "contain a section of facts set forth in numbered paragraphs, each limited as far as practicable to a specific set of circumstances"; "contain a cause of action section, wherein Posey shall set forth the individual cause(s) of action she asserts against Defendant(s)"; and "contain a section stating the relief that Posey seeks against Defendant(s)." *Id.* at 6-7.

Posey's two-page amended complaint once again falls well short of the federal pleading standards. In no way does the amended complaint include "a short and plain statement of the claim showing that [Posey] is entitled to relief" as required by Rule 8. In fact, Posey's amended complaint is so incoherent that the undersigned simply cannot understand any of her allegations. *See generally* Am. Compl. (Doc. 17). She asserts that she is

> asking for a claim of relief because a menstruation was in my Sunkist I forgot I called the Police because it wasn't only the Sunkist but the Pork chops I prepared for Desmond Pickett he began to get crazy and wanted to fight I had to get him put our because he became violent towards me. I was pregnant remember we was still in Covid 19 and I was sick of an emergency in my pregnancy but couldn't get help.

*Id.* at 1. Posey's complaint is riddled with other nonsensical allegations. For instance, she asserts that "[t]his menstruation cannot be moved my life is not theirs so I am seeking monetary relief for the damages they caused me. I have had a heart attack since then and I have medical proof." *Id.* at 2. She also states that she "feel[s] trapped by Wal-Mart and that is called in Entrapment in [her] defense" and she "seek[s] monetary relief for this certain incident at Walmart they begin to manifest they were playing and stealing from my real

food and spirit and entrapped me. This was done by way of food and like I said Entrapment." *Id.* Posey also seems to reference other legal proceedings but provides no context for how they relate to her present lawsuit.[1] *See generally id.*

In terms of relief, Posey states that "Affirmative Defense is what I would like also to use especially the stature of Limitations on this very act is near or coming up. I know we get legally 8 years and 2 years in court. I need affirmative action and so they can be held liable for their actions." *Id.* Inexplicably, Posey states that "[m]y monetary relief is $150 million dollars her period is on me and I can' seem to buy a Sunkist without a period. I need Walmart to pay for her and the cashiers damages punitive damages." *Id.* at 2.

Altogether, the undersigned simply cannot glean any coherent factual allegations or legal claims from Posey's complaint. Thus, the amended complaint once again violates Rule 8 because it does not provide factual allegations showing Posey is entitled to relief. *See generally id.* Further, the amended complaint once again violates Rule 10 because its factual allegations are entirely unclear. Finally, the amended complaint remains without any explicitly stated cause of action. As such, Posey's amended complaint does not comply with the federal pleading standards or the undersigned's order to amend. Accordingly, the undersigned recommends that Posey's amended complaint be dismissed without further leave to amend.[2]

---

[1] For example, Posey states: "Diminished Capacity that Municipal Court ordered from a case that I need to Appeal and lawyer hasn't showed he will yet. . . . My daughter was kidnapped at court this court date of insanity calls on from Judge Vickers." Am. Compl. (Doc. 17) p. 2.

[2] In the order to amend, the undersigned advised Posey that her failure to comply with the order would result in a recommendation that her case be dismissed for failure to prosecute, failure to abide by Court orders, and/or failure to comply with federal pleading standards. Order (Doc. 15) p. 7. Because the

6

## IV. CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Posey's amended complaint (Doc. 17) be DISMISSED without opportunity to amend. It is further

ORDERED that Posey shall file any objections to this Recommendation **on or before September 6, 2024**.  Posey must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Posey from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of Posey to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

undersigned has afforded Posey an opportunity to amend with specific instructions on how to do so and because Posey has wholly failed to heed the undersigned's directions, Posey should not be afforded an additional opportunity to amend. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (noting that a "plaintiff ordinarily should get *one* opportunity to amend [her] complaint before dismissal with prejudice" (emphasis added)).

Done this 23rd day of August, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE